IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

URI FRIED,

                      Plaintiff,

    v.

SURREY VACATION RESORTS, INC.
d/b/a LEGAL RECOVERY SERVICES,

                      Defendant.

OPINION and ORDER

08-cv-534-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action, plaintiff Uri Fried alleges that defendant Surrey Vacation Resorts, Inc., violated the Fair Debt Collection Practices Act, 15 U.S.C § 1692, when it inaccurately and falsely placed $9,465.84 in delinquent payments on plaintiff's personal credit report. Under 15 U.S.C § 1692k(d), a district court has subject matter jurisdiction over claims by consumers against entities that violate 15 U.S.C § 1692. Jurisdiction is present under 28 U.S.C. § 1331.

Now before the court is defendant's motion to dismiss plaintiff's complaint for lack of personal jurisdiction and improper service pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(5). Since defendant filed its motion, plaintiff has cured the defect in service. Therefore, this ground for dismissal is moot.

1

Defendant contends that this court cannot exercise jurisdiction over it because defendant lacks sufficient contacts with the state of Wisconsin and because exercising personal jurisdiction would violate traditional notions of fair play and substantial justice. I conclude that defendant is correct.

From the complaint and the documents submitted by the parties in connection with the pending motion, I draw the following facts, solely for the purpose of deciding this motion.

## JURISDICTIONAL FACTS

Plaintiff Uri Fried is a resident of Waunakee, Wisconsin. He is the sole member and registered agent for TTC Holdings, LLC, a Wisconsin limited liability corporation that is in the business of purchasing and reselling timeshare interests in various resorts.

Defendant Surrey Vacation Resorts, Inc. is a Missouri corporation with its principal place of business in Branson, Missouri. Defendant is in the business of selling and managing timeshare interests in resorts located in Branson, Missouri. It also manages and maintains the resorts, including collecting monthly maintenance fees from owners of timeshare interests. Defendant collects these fees by sending automatically generated letters to its customers, including those who live in Wisconsin. It does not pay taxes, sign contracts, provide services, sell timeshares, or maintain any representatives or employees in Wisconsin.

2

In 2006, plaintiff's corporation, TTC Holdings, acquired timeshare interests in three resorts owned and managed by defendant or its affiliates. Defendant did not sell these timeshares to plaintiff. Sometime later, TTC Holdings transferred several of those timeshare interests by deed to third parties and provided copies of these deeds to defendant.

Plaintiff was not named as a co-owner on any of those deeds and did not agree to pay any charges related to the maintenance of the timeshare interests.

On September 2, 2008, plaintiff learned that entries had been placed on his personal credit report showing he was personally delinquent in payment to defendant for $9,465.84. These delinquent payments represented common area maintenance charges related to timeshare interests acquired by TTC Holdings. That same day, plaintiff contacted defendant. One of defendant's employees told plaintiff that she had copies of seven timeshare deeds listing both TTC Holdings and plaintiff as co-owners. Plaintiff requested copies of these seven deeds, but did not receive them.

Defendant refused to remove the entries from plaintiff's personal credit file and threatened to initiate foreclosure against plaintiff unless plaintiff paid the amount due by September 15, 2008. As a result of the entries on plaintiff's credit history, his personal credit score dropped approximately 200 points, from about 800 to 600.

OPINION

To succeed on his claim that this court has jurisdiction over the defendant, plaintiff must only make a prima facie case of personal jurisdiction, and "is entitled to the resolution in its favor of all disputes concerning relevant facts presented in the record." Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003) (citing Nelson v. Park Industries, Inc., 717 F.2d 1120, 1123 (7th Cir. 1983); see also, RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1275 (7th Cir. 1997). Moreover, all jurisdictional allegations in the complaint are taken as true, unless defendant has controverted them in its affidavits. Turnock v. Cope, 816 F.2d 332, 333 (7th Cir. 1987).

Personal jurisdiction is "an essential element" without which the court is "powerless to proceed to an adjudication" of the merits of a lawsuit. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999) (citing Employers Reinsurance Corp. v. Bryant, 299 U.S. 374, 382 (1937)). Plaintiff argues that personal jurisdiction is proper in this court because it is authorized by Wisconsin's long-arm statute and comports with due process. To establish personal jurisdiction, plaintiff must show that defendant is amenable to service of process in the state of Wisconsin. United States v. Martinez de Ortiz, 910 F.2d 376, 381-82 (7th Cir. 1990); see also Vlask v. Rapid Collections Systems, Inc., 962 F.Supp. 1096,1098 (N.D. Ill. 1997).

In addition, plaintiff contends that personal jurisdiction is warranted in this case

4

because the Fair Debt Collection Practices Act was intended to protect consumers from litigating away from their home forums.

## A. Amenability to Service

Plaintiff must demonstrate that defendant is amenable to service of process. Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, at 104 (1987)("'[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served.'"). Under Fed. R. Civ. P. 4(k)(1), service "is effective to establish jurisdiction over the person of a defendant, (A) who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located, . . . [or] (C) when authorized by a federal statute." Although some federal legislation permits nationwide service of process, the Fair Debt Collection Practices Act does not. Therefore, plaintiff must establish that defendant could be subject to a court of general jurisdiction in the state of Wisconsin.

Determining whether a Wisconsin court may exercise personal jurisdiction over defendant requires a two-step inquiry. First, the court must determine whether each defendant is subject to jurisdiction under Wisconsin's long-arm statute, Wis. Stat. § 801.05. Kopke v. A. Hartrodt S.R.L., 245 Wis. 2d 396, 408-09, 629 N.W.2d 662, 667-68 (2001). If the statutory requirements are satisfied, the court must consider whether the exercise of

5

jurisdiction over each defendant comports with due process requirements of the Fourteenth Amendment of the United States Constitution. Id.; see also Federated Rural Electric Insurance Corp. v. Inland Power and Light Co., 18 F.3d 389 (7th Cir. 1994).

1. Wisconsin's long-arm statute

Although Wisconsin's long-arm statute provides a number of grounds for establishing general jurisdiction, the only basis asserted by plaintiff in this case is Wis. Stat. § 801.05(4)(a), otherwise known as the "Local Injury; Foreign Act" provision. Under § 801.05(4)(a), Wisconsin courts are authorized to exercise jurisdiction over "any action claiming injury to person or property within the state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of injury . . . solicitation or service activities were carried on within this state by or on behalf of the defendant." This statutory provision requires a showing of three elements: plaintiff's injury occurred within the state, defendant committed an out-of-state act, and defendant carried out solicitation or service activities in the state.

In this case, the first two elements are met. When defendant reported delinquent payments to credit agencies outside the state of Wisconsin, it engaged in a foreign act that harmed plaintiff. Because plaintiff is a Wisconsin resident, presumably he has attempted to secure credit in Wisconsin and has been affected by his higher credit score. Plaintiff's local

6

injury is the damage to his reputation and financial standing. Even though defendant reported the delinquent payments from Missouri, an individual's credit score would impede that person's ability to secure credit in any state. Plaintiff alleges that he has found it increasingly difficult to secure credit; presumably he has attempted to do so in Wisconsin.

The parties dispute whether defendant solicited business in Wisconsin and whether defendant solicited plaintiff's business in Wisconsin. "According to Wisconsin law, before a solicitation triggers § 801.05(4)(a) it must be made by the defendant to the plaintiff, and the defendant must expect some financial benefit." Federated Rural Electric, 18 F.3d 389, at 393 (citing Pavlic v. Woodrum, 169 Wis. 2d 585, 592, 486 N.W.2d 533, 535 (Wis. App. 1992); Fields v. Peyer, 75 Wis. 2d 644, 653, 250 N.W.2d 311, 316 (1977)).

Plaintiff argues that defendant "solicited" business in Wisconsin because defendant does business with Wisconsin residents from whom defendant collects payments for the timeshare properties by sending bills to their homes in Wisconsin. According to plaintiff, any bill an individual receives in the mail constitutes solicitation. This reading is far too broad and is not in line with Wisconsin case law or common usage.

Wisconsin courts have equated "solicitation" with advertising, promoting, or selling products or services. E.g., Fields v. Peyer., 75 Wis. 2d at 653 ("[W]here a defendant solicits or advertises for business, he anticipates a direct or indirect financial benefit, and subjects himself to the jurisdiction of the courts in the state in which he advertises"); Dietrich v.

7

Wisconsin Patients Compensation Fund, 169 Wis.2d 471, 479-80, 485 N.W.2d 614, 618 (Ct. App. 1992); Housing Horizons, LLC v. Alexander Co., 232 Wis. 2d 178, 185, 606 N.W.2d 263, 266 (2001) (citing Schmitz v. Hunter Machine Co., 89 Wis. 2d 388, 279 N.W.2d 172 (1979)).  A leading legal dictionary defines solicitation as  "[t]he act or an instance of requesting or seeking to obtain something; a request or petition . . . [a]n attempt or effort to gain business." Blacks's Law Dictionary 1427 (8th ed. 2004).  In regular usage, the terms solicitation means the act of "ask[ing] or seek[ing] earnestly or pleadingly; appeal to or for."  Webster's  New World College Dictionary, 1364 (4th ed. 2001).  Therefore, "solicitation" is going out actively into the marketplace to seek or attract new business.

Neither the complaint nor defendant's affidavits suggest that defendant engaged in a practice of generating new business from Wisconsin residents by calling, mailing, or conducting in-person promotions or sales.  None of defendant's officers or employees have visited Wisconsin for business activities.  Defendant does not advertise in Wisconsin; it does not sell timeshares in Wisconsin; in provides no service in Wisconsin.  All it does here is collect on previous debts that have no connection to Wisconsin.  The act of collecting outstanding debts does not constitute "solicitation" when there is no accompanying advertising or selling of services or products.  The service or product has already been sold and defendant is merely retrieving its property.

Moreover, for purposes of § 801.05(4)(a), any solicitation must be made by

8

defendant to the plaintiff. Federated Rural Electric, 18 F.3d at 393. In this case, plaintiff was the one who solicited defendant's business. He purchased timeshare interests from third parties and later requested that defendant accept transfer of the interests by way of deeds. By sending letters when plaintiff failed to make payments, defendant was merely carrying out the transaction commenced by plaintiff in Missouri. Last, defendant did not intend to derive a financial benefit from sending bills to its customers; it had already acquired a benefit by selling the contract in the first place. Therefore, plaintiff has failed to show that defendant's act constituted solicitation under § 801.05(4)(a). Accordingly, plaintiff has failed to make a prima facie showing that this court can exercise jurisdiction over defendant under any provision of the Wisconsin long-arm statute.

2. Fourteenth Amendment due process

Even if plaintiff had shown that provisions of the long-arm statute applied to defendant, jurisdiction would not be warranted because it would violate due process, given defendant's lack of sufficient minimum contacts with the state of Wisconsin. Kopke, 245 Wis. 2d at 409, 629 N.W.2d at 668. To comply with due process, plaintiff must show that defendant "purposefully established minimum contacts in the forum state" and that the "assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" Burger King, 471 U.S. at 474, 476 (quoting International Shoe Co. v. Washington, 326 U.S.

9

310, 320 (1945)); Hyatt International Corp. v. Coco, 302 F.3d 707, 716 (7th Cir. 2002). The crucial inquiry is whether a defendant's contacts with the state are such that it should reasonably anticipate being haled into court. International Medical Group, Inc. v. American Arbitration Association, Inc., 312 F.3d 833, 846 (7th Cir. 2002) (citing Burger King, 471 U.S. at 474). A defendant can "reasonably anticipate" out-of-state litigation when it commits "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). Defendant must have foreseen that it would be subject to suit in the forum. Daniel J. Hartwig Assoc., Inc. v. Kanner, 913 F.2d 1213, 1218 (7th Cir. 1990). Jurisdiction should not be based on random, fortuitous or attenuated contacts. Id.

Plaintiff argues that the parties' relationship alone should be enough to subject defendant to personal jurisdiction because defendant "'solicited, created, nurtured or maintained, whether through personal contacts or long-distance communications, continuing business relationships with people in the State of Wisconsin." Plt.'s Br., dkt. #15, at 6. This argument ignores the holding in Burger King that a business or contractual relationship alone is not enough to establish sufficient minimum contacts. Burger King, 471 U.S. at 478. Only where a contract has a substantial connection to the state, such as ongoing regulation from within the state, is a defendant said to have "reached out" for the purposes of minimum

10

contacts. Id. at 478-79. See also Hyatt International Corp., 302 F.3d at 716. On the other hand, a contract anticipating no more than phone calls and payments to the state is not likely sufficient to establish minimum contacts. Federated Rural Electric, 18 F.3d at 395.

Plaintiff has provided no evidence that as part of the business relationship defendant made any visits to Wisconsin, or sold any timeshares in Wisconsin. At most, defendant would send letters to plaintiff's Wisconsin address in order to collect timeshare maintenance fees only when plaintiff failed to pay on time. This is not enough to establish that defendant purposefully established minimum contacts with the state.

Plaintiff also contends that defendant purposefully availed itself of "Wisconsin's bounty" when it conducted business in Wisconsin by sending bills to its Wisconsin clients and therefore, defendant has engaged in continuous and systematic contacts with the state. However, this is merely a rehash of plaintiff's argument regarding defendant's act of solicitation. Defendant did not reach out to Wisconsin; plaintiff did. To force a defendant to defend itself in a Wisconsin court simply because a Wisconsin resident happened to make a purchase in Missouri would be inequitable and exactly the kind of "random" situation the Court contemplated in Burger King. Exercising jurisdiction over defendant would be improper and violate due process.

B. Public Policy

11

Last, plaintiff argues that this court should find personal jurisdiction over defendant as a matter of public policy and in the interest of justice. According to plaintiff, forcing individuals to travel long distances to litigate in a defendant's home jurisdiction would frustrate the intent behind the Fair Debt Collection Practices Act, which was designed to protect individual consumers. Plaintiff is wrong. Nothing in the statute expands the scope of jurisdiction for cases brought under 15 U.S.C. § 1692 . The enforcement provision of the Fair Debt Collection Practices Act states that an action may be brought "in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Further, plaintiff's "interest of justice" argument is particularly questionable in this case when it was plaintiff who went outside its home forum to enter into a contract in this case, not defendant. Plaintiff engages in the business of buying and selling timeshares, and presumably, travels to these locations to conduct these transactions. To suggest that plaintiff is prejudiced by having to litigate in defendant's home forum when plaintiff initiated the business transaction is disingenuous. I am not persuaded that public policy warrants the expansion of the statute in this case.

ORDER

IT IS ORDERED that

1. The motion to dismiss by defendant Surrey Vacation Resorts, Inc. is GRANTED, and plaintiff Uri Fried's complaint is DISMISSED without prejudice.

2. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 6th day of March, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge